IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH LOMP et al. | * | |
| v. | * | Civil Action No. WMN-13-1099 |
| U.S. MORTGAGE FINANCE CORP. et al. | * | |

* * * * * * * * * * * * * * *

**MEMORANDUM**

Presently pending before the Court is a Motion to Dismiss, filed by Defendants Bank of New York Mellon, Trustee for Certificateholders of the CWABS, Inc. Asset-Backed Certificate Series 2007-7, and Bank of America, N.A. The Motion is fully briefed and is ripe for review. For the reasons stated herein, the Court determines that no hearing is necessary, Local Rule 105.6, and the Motion to Dismiss will be granted.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Judith Lomp is the owner of improved residential real property located in Ellicott City, Maryland ("the Subject Property"). On March 13, 2007, Lomp executed a promissory note in the principal amount of $308,000 to her lender, U.S. Mortgage Finance Corp. ("U.S. Mortgage"). The promissory note (the

1

"Note") was secured by a deed of trust, signed by Lomp that same day, in favor of U.S. Mortgage (the "Deed of Trust").[1]

Although the loan originated with U.S. Mortgage, it appears that it was subsequently sold and securitized. The Note contains multiple special indorsements: an undated, cancelled indorsement from U.S. Mortgage to Countrywide Bank, FSB; an undated indorsement without recourse from U.S. Mortgage to Countrywide Bank, N.A.; an undated indorsement without recourse from Countrywide Bank FSB fka Countrywide Bank, N.A. to Countrywide Home Loans, Inc.; and an undated indorsement without recourse from Countrywide Home Loans, Inc. to "The Bank of New York Mellon fka The Bank of New York, as Trustee for the certificateholders, CWABS, Inc., asset-backed certificates, series 2007-7 TE." Additionally, the Deed of Trust was apparently assigned at least twice: once on October 14, 2011 by MERS as nominee for U.S. Mortgage to the Bank of New York Mellon fka the Bank of New York as Trustee; and on June 8, 2012, again from MERS to The Bank of New York Mellon fka the Bank of New York as Trustee. Although it is not evident from the Complaint what role Defendant Bank of America plays with respect to the Note, it appears that, pursuant to a Pooling and Servicing

---

[1] Although the Deed of Trust was not attached to Plaintiffs' Complaint, the Court may consider it on the motion to dismiss because (1) it is a matter of public record, and (2) it is integral to the Plaintiffs' Complaint. Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

2

Agreement,[2] Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing, may be the servicer for the loan. See Compl. Ex. C at 28; Mot. to Dismiss at 1 n.1.

Lomp has subsequently fallen behind on her mortgage payments. Two foreclosure actions were previously initiated in the District Court for Howard County, Maryland. The first, which was filed on February 27, 2008, was dismissed by the court without prejudice for lack of prosecution[3] on May 27, 2009. The second, which was filed on June 25, 2010, was dismissed voluntarily without prejudice by the substitute trustees (the plaintiffs in that action), on August 4, 2011. Since that date, Lomp has made no payments on her mortgage and no further actions have been taken to foreclose the Subject Property by Defendants.

---

[2] The Pooling and Servicing agreement generally establishes the two entities – a trustee and a servicer – that are responsible for maintaining the trust into which a mortgage is bundled and sold during the securitization process. See generally Anderson v. Burson, 35 A.3d 452, 455 (Md. 2011) (citing Christopher L. Peterson, Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System, 78 U. Cin. L. Rev. 1359, 1367 (2010)). Here, the trust is the Certificateholders of the CWABS, Inc. Asset-Backed Certificate Series 2007-7, for which Bank of New York Mellon is the Trustee.

[3] According to Defendants, the case was ultimately dismissed for lack of prosecution because, the day prior to the foreclosure sale of the Subject Property, Lomp filed for bankruptcy protection and, accordingly, the foreclosure sale was cancelled. Mot. to Dismiss at 3.

Lomp apparently entered, on November 18, 2012, into a Contract for Sale of the Subject Property ("the Contract") to Plaintiff Linda Ford.[4] By the terms of the Contract, Ford agreed to purchase the Subject Property from Lomp for $50,000, "due to the deteriorated condition of the Subject Property improvements." The Contract contained an addendum, by which Ford, as the buyer, agreed to finance the present quiet title litigation, and appeared to make settlement contingent on the outcome of this litigation. See Compl. Ex. A at 2, 11.

Plaintiffs filed the present suit, styled as a "Complaint to Quiet Title," in the Circuit Court for Howard County, against Defendants U.S. Mortgage; Bank of New York, Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificate Series 2007-7 ("Bank of New York Mellon"); Bank of America, N.A., as successor in interest to Countrywide Home Loans, Inc. ("Bank of America");[5] and Specialized Loan Servicing, LLC. The Complaint seeks an order stating that the Note and Deed of Trust

---

[4] At the time the Motion to Dismiss was filed, the Contract submitted into the record was not signed by Lomp. Plaintiffs have subsequently filed a Motion to Substitute Exhibit, ECF No. 18, seeking to substitute into the record a copy of the Contract executed by both Lomp and Ford. No objection having been filed by the Defendants, the Motion will be granted.

[5] Bank of America asserts that it is incorrectly identified by the Complaint as captioned, as it is not the successor to Countrywide Home Loans, Inc. Instead, it claims that the correct party is "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP."

"are incapable of enforcement and that any lien created by these documents is extinguished." Compl. ¶ 8. In support, the Complaint asserts that, because Defendants have already initiated two foreclosure actions, which were dismissed, Maryland Rule 2-506 prohibits the filing of an additional foreclosure suit. Additionally, the Complaint asserts various defects in the Note and Assignment documents. Specifically, Plaintiffs assert that (1) the Note contains an insufficient number of indorsements to negotiate the Note to Bank of New York Mellon; (2) the Note contains undated indorsements; (3) the applicable Pooling and Service Agreement had a cut-off date of April 1, 2007, prior to the indorsement allegedly assigning the Note into the Trust; (4) two assignments of the Deed of Trust are fraudulent; and (5) the mortgage assignments violate the $25 Billion Mortgage Settlement Agreement with the Justice Department, to which Bank of America was a party.

After removing the case to federal court, Defendants Bank of New York Mellon and Bank of America filed the present Motion to Dismiss.[6] In support of their motion, Defendants argue primarily that (1) Plaintiff's Complaint fails to meet minimum pleading standards under Fed. R. Civ. P. 8(a) and 12(b)(6); (2)

---

[6] Defendant U.S. Mortgage has not filed a responsive pleading. It is unclear from the record whether it has been served at this time. Defendant Specialized Loan Servicing, LLC was voluntarily dismissed by the Plaintiffs after filing a motion to dismiss. See ECF Nos. 13, 17. That motion is now moot.

Maryland Rule 2-506 does not apply; (3) Bank of America is the holder of the Note and owner of the Deed of Trust and thus has standing to foreclose; (4) Plaintiffs cannot maintain a quiet title claim; and (5) Plaintiffs are not entitled to a declaratory judgment because no actual controversy exists.

## II. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 232, 243 (4th Cir. 1999). To survive a 12(b)(6) challenge, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or

6

arguments.'" Philips, 572 F.3d at 180 (quoting Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006))) (alterations in original).

## III. **ANALYSIS**

Defendants first allege that the Complaint should be dismissed because it fails to meet minimum pleading standards under Federal Rules of Civil Procedure 8(a) and 12(b)(6). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." The allegations in the Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Because Plaintiffs "fail to enumerate any causes of action or place [] Defendants on notice of what claims they are asserting . . .[, and] fail to articulate which defendant they are referring to," Defendants assert that the Complaint does not meet the pleading standards of Rules 8(a) and 12(b)(6). Mot. to Dismiss at 7.

The Court agrees with Defendants that the Complaint is unclear, fails to set out explicit causes of action, and fails to specify the claims asserted against each Defendant.[7] In the

---

[7] Unlike the plaintiffs in many similar cases, Plaintiffs are represented by counsel and therefore do not benefit from more

7

interest of completeness and judicial efficiency, however, the Court will consider whether, to the extent discernible from the allegations in Plaintiffs' Complaint, the causes of action asserted state a claim upon which relief can be granted. Based on the Court's reading of the Complaint, it appears to assert, at best, causes of action for quiet title and declaratory judgment.

A. **Quiet Title**

Plaintiffs appear to assert a quiet title claim, as their Complaint is entitled as a "Complaint to Quiet Title." The purpose of an action to quiet title is to "protect the owner of legal title 'from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions.'" Wathen v. Brown, 429 A.2d 292, 294 (Md. Ct. Spec. App. 1981) (quoting Textor v. Shipley, 26 A. 1019, 1019 (Md. 1893)). To succeed in a quiet title action, the plaintiff must establish that he, she, or it has both "possession and legal title by 'clear proof.'" Flores v. Deutsche Bank Nat'l Trust Co., Civ. No. DKC 10-0217, 2010 WL 2719849, at *7 (D. Md. July 7, 2010) (quoting Stewart v. May, 73 A. 460, 463-64 (Md. 1909)).

---

liberal rules of pleading construction. See generally Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In order for Plaintiffs to state a claim for quiet title, therefore, Plaintiffs' Complaint must allege both possession and legal title to the Subject Property. Notably, Plaintiffs have failed to allege the first. As Defendants note, neither Plaintiff lists, on the Complaint, her address as that of the Subject Property, nor otherwise allege that they currently possess, either actually or constructively, the Subject Property.

With regard to legal title to the Subject Property, Plaintiff Lomp admits that she took out a loan, signed a promissory note, signed a deed of trust secured by the Subject Property, and is in default on that debt. She admits that the debt has not to this date been extinguished. See generally Darnestown Valley-WHM Ltd. P'ship v. McDonald's Corp, 650 A.2d 1365, 1369 (Md. Ct. Spec. App. 1994) (noting that a mortgage "technically conveys legal title to the property to the mortgagee"). Plaintiffs argue, however, that as a result of various defects with the Note, Deed of Trust, Pooling and Servicing Agreement, and a national mortgage settlement, any adverse claim to the Subject Property is invalid or ineffective and should be legally extinguished. Specifically, Plaintiffs appear to challenge, although they do not say so expressly in the Complaint, the validity of the final two indorsements on the Note, and therefore presumably also the rights of Bank of New

9

York Mellon to enforce the Note. Plaintiffs seek an inquiry, pursuant to the Court of Appeals of Maryland's recent decision in <u>Anderson v. Burson</u>, 35 A.3d 452 (Md. 2011), that would require Defendants to prove each and every transfer of the Note in order to establish their enforcement rights. <u>See id.</u> at 462-63. Even assuming that Plaintiffs' allegations are sufficient to present a claim to legal title and challenge Bank of New York Mellon's purported holder status such that relief can be granted,[8] because Plaintiffs have failed to meet the first requirement of a quiet title action by failing to allege that they are in actual or constructive possession of the Subject Property, Plaintiffs cannot maintain an action to quiet title.

### A. **Declaratory Judgment**

To the extent that Plaintiffs' Complaint may be construed as anything other than a quiet title action,[9] it appears that

---

[8] It is unclear from the Complaint on what grounds Plaintiffs ultimately seek relief. Plaintiffs point to a variety of alleged defects in the relevant instruments, but do not actually allege how these defects invalidate Defendants' interest in the Subject Property.

[9] Plaintiffs' Complaint could potentially be seen, in part, as seeking an injunction preventing Defendants' from filing an additional foreclosure action, based on Plaintiffs' assertion that Maryland Rule 2-506 bars a subsequent foreclosure proceeding. Even assuming that Maryland Rule 2-506 could be construed to bar an additional foreclosure action, Plaintiffs do not presently have standing to seek an injunction. <u>See generally</u> <u>Chalk v. PNC Bank, N.A.</u>, No. CCB-11-3052, 2012 WL 2915289, at *3 (D. Md. July 16, 2012) (citing <u>Friends of the</u>

10

Plaintiffs may also be asserting an action for declaratory judgment. As noted above, Plaintiffs seek ultimately "an order that the Note and Deed of Trust are incapable of enforcement and that any lien created by these documents is extinguished." Compl. ¶ 8.

Defendants contend that Plaintiffs cannot bring a declaratory judgment because no actual controversy presently exists. See Mot. to Dismiss at 16-17. Specifically, Defendants note that a declaratory judgment is an improper vehicle through which to resolve "theoretical issues" with regard to Lomp's loan. Id. (citing Hamilton, 277 Md. at 340 ("[D]eclaratory judgment process is not available to decide purely theoretical questions or questions that may never arise, or questions which have become moot, or merely abstract questions.")).

Defendants have previously filed two actions to foreclose on the Subject Property. When Plaintiffs filed their Complaint in this suit, however, there was no existing effort to enforce the Note or Deed of Trust through foreclosure. It therefore appears that Plaintiffs seek, in essence, "an advisory opinion as to whether any future attempt at . . . foreclosure would be valid under Maryland law. That is not the purpose of a declaratory judgment." Chalk, 2012 WL 2915289, at *3; see also

---

Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000)).

11

Coffman v. Breeze Corps, 323 U.S. 316, 324 (1945) ("The declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy which has not arisen."). Generally, the Court will not, in a declaratory judgment proceeding, "decide future rights in anticipation of an event which may never happen, but will [instead] wait until the event actually takes place, unless special circumstances appear which warrant an immediate decision." Tanner v. McKeldin, 97 A.2d 449, 454 (Md. 1953). Plaintiffs have not pointed the Court toward any special circumstances warranting such immediate attention. Thus, no justiciable controversy exists, and a declaratory judgment is not appropriate at this time. Accordingly, Plaintiffs' Complaint must be dismissed in its entirety.[10] Thus, the Court need not consider Plaintiffs' contentions regarding the validity of the Note's indorsements, the assignments of the Deed of Trust, the Pooling and Servicing Agreement, and the National Bank Settlement. To the extent that Plaintiffs' Complaint asserts any additional causes of action, it will be dismissed as insufficiently pled under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

**IV. CONCLUSION**

---

[10] Although U.S. Mortgage either remains to be served or has failed to file a responsive pleading, this action is nonetheless dismissed in its entirety, as the Complaint fails to state a claim with respect to any Defendant.

12

For the foregoing reasons, Defendants' Motion to Dismiss will be granted.  A separate order will issue.

                                                /s/
                           William M. Nickerson
                         Senior United States District Judge

DATED: December 11, 2013